NAY v. DICKINSON.

1. PLEADING—FALSE IMPRISONMENT—ASSAULT AND BATTERY—DEC-LARATION—DIRECTED VERDICT.

On the trial of an action for false imprisonment and assault and battery, plaintiff, who charged that defendant arrested her without a warrant and that he employed more force than was necessary, was properly refused the right to recover for excessive force in making the arrest, not having alleged that, if the arrest was lawful, the defendant used more force than was necessary.

2. ASSAULT AND BATTERY—FALSE IMPRISONMENT—ARREST.

    Where defendant attempted to pass over plaintiff's land to
       reach a private gravel pit, claiming that he was going to
       the property of a municipal corporation which had a
       license to cross the land of plaintiff, who disputed his pas-
       sage and assaulted defendant, and he thereupon seized
       plaintiff, threw her into a vehicle and carried her before
       a justice of the peace, and where she pleaded guilty and
       was fined, defendant was excused if she intelligently con-
       fessed herself guilty of the offense with which he charged
       her; but if she did not intelligently plead to the complaint
       and had tried to prevent a trespass by defendant upon her
       property, using only necessary force, she was entitled to
       recover.

Error to Newaygo; Barton, J. Submitted June 2, 1914. (Docket No. 3.) Decided October 3, 1914.

Case by Harriet Nay against George Dickinson for false imprisonment and assault and battery. Judgment for defendant on a directed verdict. Plaintiff brings error. Reversed.

*Dunham & Dunham,* for appellant.

*E. L. Brooks* (*A. B. Cogger,* of counsel), for appellee.

OSTRANDER, J. The city of Fremont, Mich., purchased land in which was a deposit of gravel. Access to the land was over other premises of the vendors, and was secured to the city by a license, perhaps by the deed of conveyance. In the lane or avenue used by the city is a gate. Defendant owns land adjoining that acquired by the city, and on his land there is a deposit of gravel. In time defendant came to hold the offices of chief of police and highway commissioner in the city. On August 16, 1912, he and another, with a wagon drawn by two horses, were proceeding to or towards the gravel pit when he found the gate locked

and guarded by plaintiff, the wife of the city's vendor, and perhaps herself a joint owner of some of the land over which defendant was proceeding. She disputed defendant's passage, but was set aside, the lock broken, the gate opened, and the men proceeded to load and draw away gravel. Plaintiff went to her house, got a chain, without a lock, with which she again fastened the gate, and, arming herself with a club, was found by defendant, returning for another load of gravel, again guarding the gate. She says, among other things:

"After I told Mr. Dickinson he could not go through there, he attempted to take the chain from the gate. He put his hands through the fence and around the post, and I was striking the post, and told him to keep his hands off. I was striking the post all the time, and told him to keep his hands away from there. Mr. Dickinson reached through and got hold of the chain where I was striking, and I struck him on the hands once."

She knew the defendant was street commissioner. Unable to unfasten the gate from the side he was on, defendant climbed the fence and held plaintiff while the other man unfastened the gate, drove through, turned the team about, and, assisting each other, they loaded plaintiff into the wagon and carried her before a justice of the peace. There is testimony tending to prove that before loading her into the wagon defendant placed her under arrest. The prosecuting attorney was present or was called in. A complaint charging plaintiff with an assault and battery upon defendant was made, a warrant was issued and delivered to defendant for service, who made a return, and plaintiff was, according to the record, convicted upon her plea of guilty, and ordered to pay a fine of $5 or be committed to the county jail for ten days. The judgment was not appealed from; plaintiff's husband later paying her fine.

Plaintiff alleges in her declaration an assault and battery committed by defendant upon her, a false imprisonment, and, in a third count, abandoned at the trial, a malicious prosecution. By direction the jury returned a verdict of no cause of action, upon which judgment was entered. Plaintiff (appellant) says in the brief that upon the trial there were two issues —one, was the arrest of plaintiff by the defendant lawful and justified? the other, if the arrest was lawful, then in making such arrest, did defendant use more force than was necessary?—and that concerning each there was disputed testimony and a question for the jury. The learned trial judge ruled, and correctly, that the declaration nowhere alleges an excessive use of force in making the arrest, and that no such issue was involved.

Eliminating argument addressed to this proposition, the case turned, and turns, upon the arrest and its lawfulness. Counsel do not greatly disagree. It is admitted that if defendant was on his way to take gravel from the city property for city use plaintiff had no right to interfere with him. It is conceded, as I understand the record, that if defendant was on his way to take gravel from his own pit he was a trespasser. The plaintiff justified, or excused, her attitude and action by claiming that defendant was using, or was seeking to use, her premises, and the city's license to conveniently remove gravel from his own land. The defendant, by his plea, justifies his action as necessary to protect himself from plaintiff's assaults while exercising the right of the city to go upon the land, saying that plaintiff had upon a previous occasion been arrested, charged with threatening defendant with great bodily harm and threatening to shoot him. Defendant gave notice, too, that he was at the time an officer having authority to arrest persons committing a breach of the peace, that plain-

tiff assaulted him, and that her conduct warranted him in making the arrest, and that the detention of plaintiff before her arraignment was necessary and justifiable.

Plaintiff did not ask defendant what his purpose was. She assumed—she says she wanted a row—that he was on his way to take gravel from his own land. She gave testimony tending to prove that the load of gravel first taken away was drawn from defendant's land and pit. Other testimony tends to prove that during the summer considerable material had been drawn from defendant's pit for city use, and that plaintiff's husband had forbidden use of his land for that purpose. In short, it is now plaintiff's contention that she was defending her own and husband's premises against a trespasser, and was justified in what she did. Such a contention might have raised the controlling issue in the criminal proceeding if it had been asserted upon the trial thereof. She testified she did not know with what offense she was charged in that proceeding, had no trial, did not know she had been convicted or sentenced.

I cannot avoid the conclusion that the jury should have been allowed to determine whether defendant's errand was to his own or the city sand pit, whether he was, in fact, a trespasser, and whether plaintiff intelligently confessed herself guilty of an assault and battery upon defendant. The whole affair is deplorable. But parties are here standing on their strict legal rights, and these, I think, cannot be determined, on this record, as matter of law. If plaintiff intelligently pleaded guilty to the charge which defendant made against her, she ought to be held bound by her plea and the defendant excused. If she did not, and if she was in fact attempting to prevent a trespass, using no more force than was necessary, she was jus-

tified, and defendant was not, by anything now appearing, justified in his course.

The judgment is reversed, and a new trial granted.

MCALVAY, C. J., and BROOKE, KUHN, STONE, BIRD, MOORE, and STEERE, JJ., concurred.